EUSEBIO MORALES ET AL., Plaintiffs and Appellees, *v.* SEVERIANA LÓPEZ ET AL., Defendants and Appellants.

No. 8181. Argued July 8, 1940.—Decided July 10, 1940.

*R. Rivera Zayas* and *José E. Segarra* for appellants. *A. Rivas* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellees herein have for the third time requested the dismissal of the appeal, taken by the defendants La O Flores Salazar, José Dolores Flores, and P. R. House Improvement & Building Co., who are the only appellants in this case. The motion to dismiss is based on the grounds that the appeal is frivolous and that the appellants have been negligent in the prosecution of the same, as more than nine days, which is the term prescribed by Rule 59 of this court, had already

elapsed from the taking of the appeal on September 13 of last year without the appeal having been perfected.

In our decision of June 5 last, wherein we denied the reconsideration of that of May 29, 1940, in referring to those two grounds of dismissal, we said:

"By an order of the 29th of last month, we denied the motion to dismiss, as to the first ground, because we considered that the contents of the record failed to place us in a position to decide whether the appeal was entirely frivolous, inasmuch as among the pronouncements of the judgment appealed from there was one which adjudged the appellants to pay to the appellees a certain sum for rents and profits received or which ought to have been received, and we did not have before us a transcript of evidence which would enable us to determine whether or not the amount owed to the plaintiff on that account was justified by the evidence.

As regards the second ground, we held that although we had no doubt that the appeal had not been prosecuted with due diligence, however, as from the record it appeared that the transcript of evidence had already been filed and that the court *a quo* had set a day for the settlement thereof, following the very wholesome practice of the courts to decide the cases on their merits whenever it is possible to do so without detriment to justice, and exercising the discretion granted to us by Rule 59 of this court, we denied the motion to dismiss on both the grounds urged 'without prejudice to the right of the appellees, once the transcript of the evidence shall have been filed, to resubmit the same if they deem it proper.' "

■ As we have previously said in this case, we have no doubt that the appeal is frivolous, and we reached that conclusion after examining the record and finding that the questions raised here are identical with those raised and decided adversely to the appellants in the case of *Ayala* v. *Flores,* 50 P.R.R. 832, which involved the annulment of the same foreclosure proceeding as in the case at bar, on the same grounds relied on herein.

■■ The appellees have attached to their present motion for dismissal a certificate of the stenographer of the trial court, setting forth the testimony of certain witnesses who testified regarding the rents of the immovable in question, on

which evidence the trial court based its pronouncement as to rents and profits appearing in the judgment appealed from. However, as we think that that is not the legally authorized way of sending up to this court the evidence introduced in the lower court, we prefer to rest this decision on the second ground urged by the appellees, to wit, that the appeal has not been prosecuted with due diligence, as provided in Rule 59 of this court.

From the certificates attached to the record herein, the following appears: That on August 5, 1939, a judgment was rendered in favor of the plaintiffs in this case which was notified to the defendants on the 15th of the same month. From that judgment the defendants La O Flores Salazar, José Dolores Flores, and P. R. House Improvement & Building Co. appealed on September 13, 1939, the other defendants having failed to take any appeal.

On the 21st of the same month of September, the above-named appellants applied to the trial court for an order directing the stenographer to prepare the transcript of the evidence but excluding therefrom the documentary evidence which would be prepared by them, and the court so ordered two days later, that is, on September 23, 1939, and hence the period of twenty days within which the transcript must be filed expired on the 13th of the following October.

The appellants failed to file the transcript on the date above mentioned or to request an extension of time therefor until October 19, 1939, when, the term being six days overdue, they applied for an extension of 30 days which was granted. Assuming that the extension had been timely requested and that October 19 was the last day for filing the transcript in accordance with the order previously made, this new extension of thirty days, counted from October 19, should have expired on November 18. However, it was not until December 13, 1939, that the appellants asked for an extension of thirty days. They subsequently requested extensions of thirty days each, on January 13, February 10, March 12,

and April 13, 1940, all of which were after the expiration of the term. The last extension, requested on April 13, 1940, was denied by an order made on the 17th of the same month and notified the same day. Six days after the service of the notice of said order, that is on April 23, 1940, the appellants moved for a reconsideration which was denied on April 25, 1940. On the 26th of last April the appellants filed a motion requesting that a new and final term of thirty days be granted to them for filing the transcript. At the hearing of said motion, the appellants informed the court that they had filed the transcript, for which reason, by an order of May 17, 1940, they were granted the new term sought and the transcript of the evidence was considered as filed, the court setting May 24, 1940, at nine o'clock in the morning, to hear the parties regarding the approval of the transcript.

When the case was called on the 24th of last May for the approval of the transcript of the evidence, the appellants, through their attorney, José Segarra, Esq., moved for a continuance of the proceedings until such time as the second motion to dismiss the appeal to which we have previously referred were decided by this Supreme Court.

May 31st was set for the new hearing on the approval of the transcript. On that day the parties appeared and the plaintiffs-appellees submitted some amendments to which the defendants-appellants consented, offering to make the amendments requested by the appellees, and the court ordered that said amendments be made and the proceeding for the approval of the transcript was reset for hearing on the 7th of last June, at 9:00 a.m. On the 4th of the same month the appellants filed in the lower court a motion praying for the postponement of the hearing and an extension of time to prepare the amended transcript, and requesting that the district court grant to them a final term of thirty days to prepare the amended transcript, which motion was denied on the same day and notified immediately to the parties. On June

7th, the appellants informed the court that they had filed the amended transcript of evidence and requested its approval, and the appellees, after advising the court that said amendments had not been made, requested that the transcript be not approved. The court refused to approve the same and failed to grant any extension of time to file a new transcript.

The appellants state that they have appealed to this court from the decision of the lower court refusing to approve the transcript of the evidence. Assuming that said decision were appealable, such a proceeding would unnecessarily delay the prosecution of this case, inasmuch as the speedy and adequate remedy which the rules of this court provide for the approval of the transcript of the evidence where the trial judge refuses to grant the same has not been pursued. As may be seen from the foregoing, the appellants, ever since they were served with notice of the judgment rendered against them, have systematically and unnecessarily delayed the prosecution of this suit.

Rule 59 of this court provides that after the expiration of ninety days from the time of the notice of the appeal, and *even if any extension of time has been allowed by the court below,* any case not previously filed in this court may, in the discretion of the court, be dismissed on motion, if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or good faith.

In the instant case, it appears that an appeal was taken from the judgment on September 13, 1939, and that up to the present time, July 10, 1940, after nine months and twenty-seven days have elapsed, the transcript of the evidence has not yet been filed. We are absolutely unable to find any justification for the delay which has occurred in this case and which is only explainable to us by the fact that, as alleged by the appellees, the appellants are in possession of the house the object of the suit and receiving the rents thereof, to the prejudice of appellees' interests.

By reason of the foregoing, the appeal should be dismissed as not having been prosecuted with due diligence, in accordance with Rule 59 of this court.